45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Herminigilda Malaluan LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70447.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1994.
Decided Dec. 28, 1994.
 
 Before: FLETCHER, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Herminigilda Malaluan Lopez, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of her appeal of her deportation order. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a and deny the petition for review.
 
 I. Background
 
 3
 Two border patrol officers stopped, questioned, and then arrested Lopez near Temecula, California. A third border patrol agent, Jaime Castillo, questioned Lopez after her arrest and completed a Record of Deportable Alien, or "Form I-213." The I-213 indicates that Lopez is a citizen of the Philippines who entered into the United States from Mexico without inspection on the day of her arrest. Based on the information she provided to Castillo, Lopez was charged with deportability for entering the United States without inspection in violation of 8 U.S.C. Sec. 1251(a)(2).
 
 
 4
 At the deportation hearing, Lopez stated her name for the record, testified that she was riding in her nephew's car when border patrol officers stopped the car and arrested her, then refused to testify further because her answers might incriminate her. Her attorney moved to suppress the I-213 and to terminate the hearing because border patrol officers had stopped and questioned Lopez in violation of the Fourth and Fifth Amendments.
 
 
 5
 The INS offered as evidence the original I-213, a copy certified by the INS district director, and Castillo's testimony that he interviewed Lopez and completed the I-213 on the basis of the information she provided. The border patrol officers who stopped and arrested Lopez did not testify. The immigration judge refused Lopez's request to terminate proceedings and suppress the I-213 and held that Lopez was deportable because the I-213 established alienage and Lopez had not rebutted it with evidence of citizenship or time, place, and manner of entry into the United States.
 
 
 6
 Lopez appealed the immigration judge's determination to the BIA. The BIA dismissed Lopez's appeal because she had failed to make a prima facie showing of an illegal search and seizure and because the INS's evidence was probative and fair and established deportability by clear and convincing evidence. She seeks review of the dismissal.
 
 II. Analysis
 
 7
 Lopez argues that the I-213 should have been suppressed either as the fruit of an egregious violation of the Fourth and Fifth Amendments or because it was not properly authenticated prior to its introduction into evidence. We do not agree.
 
 A. Fourth and Fifth Amendment Violations
 
 8
 The exclusionary rule ordinarily does not apply in deportation hearings. INS v. Lopez-Mendoza, 468 U.S. 1032, 1042-50 (1984). Therefore, even if Lopez established that border patrol officers stopped her without probable cause to believe that she was an alien in the United States illegally, the immigration judge was not required to suppress the I-213 which established her deportability.
 
 
 9
 Lopez maintains that her stop and arrest constituted such egregious violations of the Fourth Amendment that the I-213 should have been suppressed despite the general rule that suppression is an inappropriate remedy in a deportation hearing. See id. at 1050-51 (noting possibility of suppression when "egregious violations ... transgress notions of fundamental fairness and undermine the probative value of the evidence obtained"); Orgorhaghe v. INS, 38 F.3d 488, ---- (9th Cir.1994) (seizure based on individual's "Nigerian-sounding name" is an egregious violation of the Fourth Amendment warranting suppression); Gonzalez-Rivera v. INS, 22 F.3d 1441, 1444-45 (9th Cir.1994) (detention based solely on Hispanic appearance is an egregious violation). Lopez also contends that her statements to Castillo were involuntarily and obtained in violation of her Fifth Amendment rights.
 
 
 10
 Lopez has failed to produce even a scintilla of evidence supporting her contentions. We do not agree with her argument that, despite this failure, the immigration judge should have required the INS to establish the legality of her detention and arrest and the voluntariness of her statements. Requiring the INS to establish the circumstances surrounding a detention and arrest simply because an alien claims without explanation that the INS obtained its evidence unconstitutionally would contravene the basis for not applying the exclusionary rule in civil deportation hearings. The Supreme Court recognized in Lopez-Mendoza that immigration officers apprehend over one million deportable aliens each year and, "[a]lthough the investigatory burden does not justify the commission of constitutional violations," requiring them to "compile elaborate, contemporaneous, written reports detailing the circumstances of every arrest" would result in a "severe" burden. 468 U.S. at 1049.
 
 
 11
 In light of this potentially crippling burden, an alien is required to make a prima facie showing of an egregious violation of the Constitution before the burden shifts to the INS to show that it obtained its evidence lawfully. See Gonzalez-Rivera, 22 F.3d at 1444-45. Although the alien's burden at this stage is not an onerous one, we have held that petitioners fell short of the required showing when they alleged claims more substantiated than Lopez's. For example, the petitioner in Gonzalez-Rivera submitted a written motion to suppress alleging that border patrol officers stopped him and his father solely because of their Hispanic appearance and that such a stop constituted an egregious violation of the Fourth Amendment. Id. at 1443. Nevertheless, we held that the INS was not required to justify the petitioner's arrest because the petitioner's motion to suppress did not include an affidavit alleging illegal and egregious conduct and possibly because he did not produce his father's testimony.[1] Id. at 1445.
 
 
 12
 In this case, Lopez did not submit a written motion to suppress or an affidavit supporting her objection to the I-213, nor did she testify as to any theory of illegality. She did not allege that the arresting officers committed "egregious" constitutional violations. She did not even state the basis for her claim that she was detained and arrested unlawfully. She simply stated through her attorney that her stop and arrest were unconstitutional. Even in her petition for review, she fails to articulate any basis for believing that she was detained and arrested unlawfully. Under these circumstances, the BIA was correct to conclude that the immigration judge properly denied Lopez's motion to suppress and to terminate proceedings.
 
 B. Authentication of the I-213
 
 13
 Lopez also argues that the I-213 should not have been admitted into evidence because it was not properly authenticated. Although civil deportation hearings are not governed by strict rules of evidence, Baliza v. INS, 709 F.2d 1231, 1233 (9th Cir.1983), INS forms must be authenticated to be admissible. E.g., Chung Young Chew v. Boyd, 309 F.2d 857, 866-67 (9th Cir.1962). We find that the I-213 establishing Lopez's deportability was properly authenticated.
 
 
 14
 In Iran v. INS, 656 F.2d 469, 472 n. 8 (9th Cir.1981), we listed three examples of acceptable means of authentication. Under either 8 C.F.R. Sec. 287.6 or Rule 44, Federal Rules of Civil Procedure, a document is admissible if evidenced by an official publication of the document or by a copy attested to by either the officer with legal custody over the document or the officer's deputy. The INS may also authenticate a document through any procedure comporting with common law rules of evidence. Iran, 656 F.2d at 472 n. 8.
 
 
 15
 In this case, the INS produced both the original I-213 and a copy certified by the INS district director. Moreover, Castillo identified the I-213 as the form he completed when he interviewed Lopez. See Tejeda-Mata v. INS, 626 F.2d 721, 724 (9th Cir.1980) (authenticity of I-213 established by officer's identification of form as one prepared by him), cert. denied, 456 U.S. 994 (1982).
 
 
 16
 Lopez's sole contention with regard to the I-213's authenticity is that the INS failed to show that she provided the information on the form. However, Castillo testified that he obtained the information in the I-213 from Lopez and inserted it himself. He was present and subject to cross-examination. In any event, Lopez's argument relates to the weight of the document, not its admissibility.
 
 III. Conclusion
 
 17
 The I-213 was admissible at the deportation hearing; it was properly authenticated, and Lopez has produced no basis for believing that border patrol officers obtained the information in the document through egregious violations of the Constitution. The I-213 established deportability by clear and convincing evidence, and Lopez did not rebut it. Accordingly, we deny the petition for review.
 
 
 18
 Petition DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Gonzalez-Rivera, we considered the petitioner's claim despite these omissions because we determined that, by coming forward voluntarily at the deportation hearing with evidence attempting to justify the arrest, the INS waived its ability to rely on the shortcomings in the petitioner's prima facie case. 22 F.3d at 1442-43. We face no such waiver in this case